IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GRETCHEN C. HENDRICK                                                              PLAINTIFF

                v.                              Civil No. 12-3006

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                      DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Teresa Huff, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff filed her application for DIB on September 4, 2009, alleging an onset date of May 13, 2009[1], due to degenerative disk disease ("DDD") of her cervical spine and anxiety. Tr. 114-123, 147, 168, 174. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 61-62, 65-71. An administrative hearing was held on July 13, 2010. Tr. 16-60. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 46 years old and possessed a limited education. Tr. 20-21. She did, however, complete certified nurse aide training in the early 1980's. Tr. 21. Plaintiff had past relevant work ("PRW") experience as a fast food worker, home health aide, production assembler, and casting inspector. Tr. 21-27, 148, 154-155.

---

[1] Plaintiff initially alleged an onset date of January 24, 2005, but this was date was amended at the administrative hearing. Tr. 8, 3, 19, 147, 210.

AO72A
(Rev. 8/82)

On November 30, 2010, the ALJ found Plaintiff's DDD was severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 10-11. After partially discrediting plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work that does not involve overhead work. Tr. 11-14. The ALJ then found Plaintiff could perform her PRW as a fast food worker, production assembler, and casting inspector. Tr. 14-15.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on December 6, 2011. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 7, 8.

The court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' appeal briefs and the ALJ's decision and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings

of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

In the present case, the ALJ, with the assistance of a vocational expert, determined that Plaintiff could return to her PRW as a fast food worker, production assembler, and casting inspector. However, he also concluded that Plaintiff could not perform overhead work. A review of the Dictionary of Occupational Titles (DOT) description for the aforementioned positions reveals that they require either

constant or frequent reaching. DOT §§ 311.472-010, 514.687-010, 706.687-010, www.westlaw.com (Last accessed January 18, 2013). Because the term reach includes reaching overhead as well as reaching in front of or behind, the requirement of frequent to constant reaching creates a conflict between the DOT and the vocational expert's testimony. And, the vocational expert testified that his testimony was in no way in conflict with the DOT.

"[A]n ALJ cannot rely on expert testimony that conflicts with the job classifications in the DOT unless there is evidence in the record to rebut those classifications...." *Jones ex rel. Morris v. Barnhart*, 315 F.3d 974, 979 (8th Cir. 2003). The ALJ's decision must explain how any conflict between the VE's testimony and the DOT job description was resolved. SSR 00–4p ("Explaining the Resolution"). Because the vocational expert denied any such conflict, and the ALJ made no findings with regard to the conflict, remand is necessary to allow the ALJ to reassess whether Plaintiff remains capable of performing other work that exists in significant numbers in the national economy.

**V.     Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 18th day of January 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)